THE NEW HAVEN SAVINGS BANK AND BUILDING ASSOCIATION vs. MILES McPARTLAN.

A mortgagee quit-claimed the mortgaged premises to a party who, in consideration thereof, paid the mortgagee the amount of the mortgage debt, but took no formal assignment of the mortgage, his object being to avail himself of the mortgage title to protect an interest which he claimed in the property. The mortgagee was however ousted at the time, and the quit-claim deed therefore did not convey the title. Held that the legal title remained in the mortgagee, and that an action of ejectment could be maintained in his name.

Such a payment to a mortgagee does not extinguish the mortgage debt where such was not the intention of the parties.

And it seems that the deed, though made void under the statute by the ouster, was yet sufficient to convey an equitable title to the grantee.

A mortgagee can maintain ejectment without previous demand of payment, or entry, or notice to quit.

It must appear by the finding of facts or by the motion for a new trial, that the questions made before this court were made in the court below. Where it does not so appear, the finding or motion can be amended by the judge who tried the case below, so as to make it appear that the questions were there made, if such is the fact. And it is no objection to the making of such an amendment, that the time within which a motion for a new trial or motion in error could be filed, has passed.

EJECTMENT; brought to the Superior Court in New Haven County, and tried on the general issue, closed to the court,

before *Phelps, J.* The court made the following finding of facts:

The question in controversy arises from a disagreement concerning the boundary between the premises of Luke McGarvey and wife, for whose benefit the action is brought, and those of the defendant; McGarvey and wife and the defendant being adjoining proprietors, and the title to the premises occupied by both having, prior to August 28th, 1854, been in Pernet Booth.

On the 28th of August, 1854, Booth conveyed to McGarvey and wife the premises now occupied by them, including the land in dispute, which is a narrow strip next the land of the defendant. Under this deed McGarvey and wife did not enter and take possession, and did not record the deed. On the 18th of January, 1855, Booth, for a valuable consideration, mortgaged by warrantee deed with the usual covenants, this strip with other adjoining land to the plaintiffs, who had no knowledge of the prior unrecorded deed to McGarvey and wife, and who caused their mortgage to be placed on record. This mortgage has never been foreclosed or redeemed. On the 5th of February, 1857, Booth quit-claimed the premises to the plaintiffs, and on the 30th of March, 1858, the plaintiffs quit-claimed the same to McGarvey, who then, in consideration therefor, paid the plaintiffs the mortgage debt due to them from ˙Booth, but took no assignment otherwise from the plaintiffs of the mortgage. It was admitted that, at the time of the last mentioned conveyance, the plaintiffs were ousted of the possession of the premises, and that consequently the deed was a void conveyance of the title under the statute. McGarvey and wife in fact paid for the land in dispute to Booth on the 28th of August, 1854, and again to the plaintiffs on the 30th of March, 1858.

On the 1st of March, 1855, Booth by warranty deed conveyed the land in question, with other contiguous land now owned by the defendant, to one Morrissey, who on the following day mortgaged the same to a savings association in New Haven, which subsequently foreclosed the mortgage, and after such foreclosure and the expiration of the time limited

for redemption, to wit, on the 10th of May, 1860, for a valuable consideration then paid, quit-claimed the same to the defendant, who, with those under whom he claims title, has been in possession holding and claiming the same since the 1st day of March, 1855. The defendant resides in a small dwelling which covers a considerable part of the strip in dispute.

No notice to quit, or entry, or demand for payment, was ever by the plaintiffs given to or made upon the defendant, or those under whom he claims, before the bringing of the suit.

Upon these facts the court found the issue for the plaintiffs, and rendered judgment for them to recover possession of the demanded premises. The defendant brought the record before this court by a motion in error.

*Mr. Wright*, for the defendants in error, made a preliminary point, that the case could not be entertained, because in the finding of facts it was not stated that the questions now made in the assignment of errors were made in the court below; citing Rule of Court, 37 Conn., 620; *Hoey* v. *Hoey*, 36 id., 393; and *Gregory* v. *Brooks*, 37 id., 371. Mr. *Robinson*, for the plaintiff in error, replied, claiming that if the finding was defective in this respect it could be amended by the judge who tried the case, the questions having in fact been made in the court below. The judges were unanimously of opinion that the questions were not sufficiently stated in the finding, and that the case could not be heard as it now stood. They thought however that it should remain on the docket, leaving the counsel for the plaintiff in error to apply to the judge who tried the case below to amend his finding. Mr. *Wright* claimed that the judge had no such power, the time allowed by statute for filing a motion in error or for a new trial having passed. The judges held however that he would have the power. Mr. *Wright* then agreed to waive the point and go on with the argument.

*W. C. Robinson*, for the plaintiff in error.

*First*. The plaintiffs had no title to the land at the commencement of the suit.

1. The deed of March 30th, 1858, as an assignment of a mortgage, was not within the statute against pretended titles. A mortgage is not a conveyance. *Bates* v. *Coe*, 10 Conn., 294. It is a mere chattel interest, and so assignable. *Huntington* v. *Smith*, 4 Conn., 237; *Clark* v. *Beach*, 6 id., 159, 164; *Toby* v. *Reed*, 9 id., 224. It is not an alienation under the statute. *Gunn* v. *Scovil*, 4 Day, 234; *Leonard* v. *Bosworth*, 4 Conn., 421. A mortgage may be transferred though the mortgagee is out of possession. *Rockwell* v. *Bradley*, 2 Conn., 6. And though the mortgagee's title is denied. *Wakeman* v. *Banks*, 2 Conn., 449. An assignment of a mortgage is not within the statute. *Wakeman* v. *Banks*, 2 Conn., 460; *Mallory* v. *Hitchcock*, 29 id., 136.

2. Though void as a conveyance, this deed will operate as an assignment of the mortgage. A release deed does not import any specific title in the grantor. *Caldwell* v. *Sigourney*, 19 Conn., 48. But it will transfer whatever right the grantor may have. *Staples* v. *Bradley*, 23 Conn., 171. And will be construed, if possible, so as to stand. *Bulkley* v. *Chapman*, 9 Conn., 8.

3. This deed vested the whole mortgage title in McGarvey. One who pays a mortgage debt and takes a release deed stands himself as the mortgagee. *Doton* v. *Russell*, 17 Conn., 154. And no interest whatever is left in the original mortgagee. *Crosby* v. *Brownson*, 2 Day, 425; *Austin* v. *Burbank*, id., 474. When the owner of one lot pays a mortgage, covering his own and another's land, and takes a release deed of both lots, he thereby becomes a mortgagee as to the latter. *Calkins* v. *Munsel*, 2 Root, 333.

*Second.* Though the plaintiffs' deed to McGarvey were void, yet they could not maintain this suit.

1. The payment of the mortgage debt, *ipso facto*, destroyed the plaintiffs' title. Payment before the law-day revests the entire title in the mortgagor. *Fish* v. *Fish*, 1 Conn., 560; *Smith* v. *Vincent*, 15 id., 1; *Cooper* v. *Davis*, id., 561; *Munson* v. *Munson*, 30 id., 437. Payment is presumed to be before the law-day unless the contrary is shown. *Smith* v. *Vincent*, 15 Conn., 14; *Munson* v. *Munson*, 30 id., 437. This presumption exists here.

2. Though the plaintiffs' title was not destroyed, it could not support ejectment. Payment after the law-day does not destroy the mortgage title. *Sage* v. *Phelps*, 2 Day, 151; *Griswold* v. *Mather*, 5 Conn., 440; *Doton* v. *Russell*, 17 id., 154; *Cross* v. *Robinson*, 21 id., 387; *Savage* v. *Dooley*, 28 id., 414; *Clinton* v. *Westbrook*, 38 id., 13. But the right to eject is given only as a means to compel payment. *Fish* v. *Fish*, 1 Conn., 560; *Rockwell* v. *Bradley*, 2 id., 5; *Wakeman* v. *Banks*, id., 446, 450; *Leonard* v. *Bosworth*, 4 id., 421; *Porter* v. *Seeley*, 13 id., 573; *Cooper* v. *Davis*, 15 id., 561; *Dudley* v. *Cadwell*, 19 id., 227; *Savage* v. *Dooley*, 28 id., 412; *Clinton* v. *Westbrook*, 38 id., 13; *Peltz* v. *Clarke*, 5 Peters, 483. And after payment ejectment will not lie. *Richards* v. *Syms*, Barnard. Ch., 90; *Peltz* v. *Clarke*, 5 Peters, 483; *Jackson* v. *Willard*, 4 Johns., 41; *Waters* v. *Stewart*, 1 Caines Cas., 69. *Aliter* in Connecticut, to compel recording, &c. *City of Norwich* v. *Hubbard*, 22 Conn., 594; *Clinton* v. *Westbrook*, 38 id., 13. But, in this case, that reason does not apply, as the records are complete.

*Third.* If the plaintiffs had a right to eject, yet they must fail in this case for want of notice, entry and demand. A mortgagee may eject, without notice or entry, before payment. *Clark* v. *Beach*, 6 Conn., 151, 163; *Beach* v. *Clark*, id., 355. Though there are strong arguments to the contrary. *Rockwell* v. *Bradley*, 2 Conn., 12, 14; *Wakeman* v. *Banks*, id., 450. After payment has been made, entry, notice or demand must precede ejectment. The contrary is absurd.

*Wright*, for the defendants in error.

SEYMOUR, J. The facts upon which the questions in this case depend, appear distinctly in the finding by the Superior Court. It is clear that the legal title in the demanded premises was vested in the plaintiffs by the mortgage deed to them from Mr. Booth in January, 1855, and the point for our consideration is whether the plaintiffs have been divested by transfer or otherwise of this legal title. The Superior Court directly finds that the mortgage has never

been redeemed or foreclosed. In January, 1857, Booth it is found quit-claimed the premises to the plaintiffs, but he had already conveyed them by warranty deed to Morrissey, who was in possession claiming title. Whatever difficulty there is in the case arises out of the quit-claim from the plaintiffs to McGarvey on the 30th of March, 1858, who then, as it is found, "in consideration therefor, paid the plaintiffs the mortgage debt due to them from Booth, but took no assignment otherwise from the plaintiffs of the mortgage."

The defendant earnestly insists that by this transaction the plaintiffs' legal title was either extinguished, or, if not extinguished, that it was transferred to McGarvey, so that the action should be by him and not by the plaintiffs. And first, as to the last named point, the record says it was admitted that at the time of the conveyance by the plaintiffs to McGarvey, "the plaintiffs were ousted of the possession of the premises and that consequently the deed was a void conveyance of the title under the statute." This admission seems to dispose of the question whether the legal title was transferred to McGarvey. If the conveyance to him was "a void conveyance of the title," then it is no conveyance, and the legal title still remains, that deed notwithstanding, in the plaintiffs. It is certainly true, as the defendant before us justly urged, that the possession of the mortgagor or his assigns is not regarded as in general an ouster of the mortgagee, so as to prevent the mortgagee from assigning his mortgage security and with it his mortgage debt. But here the ouster is admitted, and the fatal consequence of the ouster upon the supposed conveyance is also distinctly admitted upon the record.

The defendant still insists that by payment of the mortgage debt McGarvey stands himself as mortgagee; and so indeed he does stand in a court of equity; and the whole effect of the payment is that, under the circumstances disclosed in the record, it operated as an equitable transfer of the title to McGarvey. Had it not been for the adverse possession the legal title would also have passed to him with the equitable by the deed from the plaintiffs. The legal title to

the land is not transferred by mere payment of the mortgage debt; nor was the mortgage title extinguished by the payment in this case. Payment by the mortgagor or by his assigns according to the tenor of the condition of the mortgage deed, does indeed extinguish the mortgage title, but payment of the amount of the debt made by McGarvey to protect his interest under an unrecorded deed, does not necessarily and-as matter of law divest the mortgagee's title. The Superior Court expressly finds that the mortgage was never redeemed. A transfer and not an extinguishment of the mortgage was evidently intended.

The defendant further contends that the plaintiffs cannot maintain ejectment, because, in the first place, the mortgagee can maintain that action only as a means to obtain payment, and the plaintiffs have been paid. But the debt is not paid. The Superior Court finds as a fact that the mortgage has never been redeemed. As before suggested, McGarvey is now the equitable owner of the mortgage debt. It is found that the action is brought for his benefit. The plaintiffs are maintaining this action to compel payment of the debt to him as their equitable assignee.

The defendant argues, in the second place, that the plaintiffs must fail for want of demand and notice. We regard this point as fully settled to the contrary in Connecticut. *Rockwell* v. *Bradley*, 2 Conn. R., 1. Whatever doubts there may be as to the original correctness of our rule, it has become a settled rule of practice from which we are not at liberty to depart.

There is no error in the judgment complained of.

In this opinion the other judges concurred.